UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY DEAN CRULL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0772 OG |
| CITY OF NEW BRAUNFELS, | § | |
| NEW BRAUNFELS POLICE | § | |
|   DEPARTMENT, | § | |
| Officer MICHAEL O. PENSHORN, and | § | |
| Officer CHRISTOPHER SCOTT, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL (Docket Entry 2)**

**I. Statement of the Case**

The matter before the Court is plaintiff's motion for appointment of counsel (Docket Entry 2).

Plaintiff Larry Dean Crull brings this action against the City of New Braunfels, the New Braunfels Police Department, Officer Michael O. Penshorn, and Officer Christopher Scott. Plaintiff claims that defendants have negligently failed to accept his report of threats of violence, and defendants have taken possession of his personal property.[1]

According to plaintiff's complaint, beginning June 1, 2005, and continuing to the time that he submitted his complaint, plaintiff contacted defendants Penshorn and Scott and other New Braunfels police officers on various occasions and informed them that Douglas W. Williams had threatened him with violence and death. Plaintiff alleges that the officers did not make a report of his complaints.

---

[1] Docket Entry 4.

Plaintiff also alleges that on September 15, 2005, defendant Penshorn, along with two other New Braunfels police officers, ordered him to deliver a flatbed trailer to the New Braunfels Police Department's impound yard, or they would have the trailer towed to the impound yard. Plaintiff alleges that the trailer contained twelve small items belonging to Douglas W. Williams, business property belonging to James K. Swiney, and personal and business property belonging to plaintiff. Plaintiff complains that the officers refused to allow plaintiff to retrieve his property from the trailer and advised him to contact Detective Michael O. Penshorn[2] to recover his property. Plaintiff alleges that he has made numerous calls to recover his property, but has been unable to reach the detective, and no one has responded to his voice messages.

Plaintiff's complaint does not clearly set forth the basis of federal jurisdiction for his case. Plaintiff alleges that defendants violated his constitutional right to due process, and alleges that defendants seized and refused to return his property. Plaintiff appears to be bringing a civil rights action alleging the violation of his constitutional rights by defendants.[3]

## II. Discussion

Absent exceptional circumstances, a civil rights complainant has no automatic right to an appointed counsel.[4] The decision whether to provide counsel lies solely within the discretion of the court.[5] In ruling on a request for the appointment of counsel in a civil rights case, courts

---

[2] The complaint is unclear as to whether Detective Penshorn is Officer Penshorn, or if plaintiff misidentified one of the actors in his complaint.

[3] **See** Docket Entry 4 at 2-3.

[4] **Wendell v. Asher**, 162 F.3d 887, 892 (5th Cir. 1998).

[5] **Jackson v. Dallas Police Dep't**, 811 F.2d 260, 261 (5th Cir.1986); **Ulmer v. Chancellor**, 691 F.2d 209, 212 (5th Cir. 1982); **Branch v. Cole**, 686 F.2d 264 (5th Cir. 1982); **Wright v. Dallas County Sherriff Dep't**, 660 F.2d 623, 625-26 (5th Cir. 1981).

consider the following nonexclusive factors: (1) the type and complexity of the case; (2) whether the pro se litigant is capable of adequately presenting his case; (3) whether the pro se litigant is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[6]  The Fifth Circuit has recognized that the district court may also consider the plaintiff's own efforts to secure private counsel.[7]

In this case, plaintiff has not made an adequate effort to secure private counsel.  His motion for appointment of counsel shows that he contacted three attorneys.  Two of the attorneys declined to represent plaintiff, while the third did not return plaintiff's calls.[8]  Plaintiff did not contact a legal aid association or a local lawyer referral service for assistance in obtaining representation.[9]

Furthermore, at this early juncture of the case, it is difficult to assess whether the case is complex and whether the evidence will include conflicting testimony so as to require skill in the presentation of evidence and cross examination.  Also, it is unclear from his complaint whether plaintiff has stated an actionable claim for relief.  Notably, the Supreme Court has held that the Due Process Clause of the Constitution forbids the State from depriving an individual of life, liberty, and property without due process of law, but it does not place an affirmative duty on the State to make sure that these interests do not come to harm from other sources.  Its purpose is to

---

[6] **Ulmer**, 691 F.2d at 213 (citations omitted).

[7] **Id**.

[8] Docket Entry 2 at 1.

[9] In his motion for appointment of counsel, plaintiff indicated that he contacted the City of New Braunfels legal office.  He also provides two names under the local lawyer referral service, but does not state that he contacted the referral service.  Docket Entry 2 at 2.  These two attorneys were considered private attorney contacts.

3

protect the people from the State and not to ensure the State protects people from each other.[10] Likewise, plaintiff's claim that defendants have wrongfully retained possession of his property, may present a constitutional claim;[11] however, the Supreme Court has cautioned that civil rights legislation and the Fourteenth Amendment do not constitutionalize state tort law,[12] and plaintiff has not alleged that he does not have an adequate remedy at state law to recover his property.[13]

Based on the foregoing, plaintiff has failed to establish exceptional circumstances justifying the appointment of counsel at this point of the case.

### III. Conclusion

After considering the relevant factors as discussed in this Order, plaintiff's request for appointment of counsel (Docket Entry 2) is **DENIED**.

**SIGNED** on September 21, 2006.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10] **DeShaney v. Winnebago County Dep't of Social Services**, 489 U.S. 189,195-196 (1989).

[11] **See Barker v. Norman**, 651 F.2d 1107, 1131 (5th Cir. 1981) (continued retention of allegedly stolen property, as opposed to the seizure of the property, may constitute a constitutional deprivation).

[12] **Paul v. Davis**, 424 U.S. 693, 701 (1976).

[13] **See Barker**, 651 F.2d at 1131, n. 27 (suggesting that it is not a denial of due process for an officer to retain property until the claimant uses state law mechanisms to establish his right to the property); **see also Lathon v. City of St. Louis**, 242 F.3d 841, 843 (8th Cir. 2001) (acknowledging that under **Hudson v. Palmer**, 468 U.S. 517 (1984), and **Parratt v. Taylor**, 451 U.S. 527 (1981), a "deprivation of property caused by a state official's random and unauthorized conduct does not give rise to a § 1983 procedural due process claim if the state provides an adequate post deprivation remedy").