UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY DEAN CRULL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0772 OG (NN) |
| CITY OF NEW BRAUNFELS, | § | |
| NEW BRAUNFELS POLICE | § | |
| DEPARTMENT, | § | |
| Officer MICHAEL O. PENSHORN, and | § | |
| Officer CHRISTOPHER SCOTT, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. Orlando Garcia
      United States District Judge

### I.  Introduction

This memorandum and recommendation addresses the motions to dismiss filed by the defendants, the City of New Braunfels Police Department (the Police Department) and police officers Michael Penshorn and Christopher Scott.  I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[1]  After considering the motions and the pleadings in this case, I recommend GRANTING the motions and DISMISSING the claims against the Police Department, Penshorn and Scott.

---

[1] *See* docket entry # 8.

## II. Procedural Background

Plaintiff Larry Crull is proceeding pro se. Crull's original complaint was filed on September 18, 2006, naming the City of New Braunfels (the City), the Police Department, Officer Penshorn, and Officer Scott as defendants.[2] On October 18, 2006, the Police Department, Penshorn, and Scott moved to dismiss the claims against them. Crull filed an amended complaint on October 27, 2006.[3]

## III. Plaintiff's Allegations

The defendants moved to dismiss before Crull amended his complaint, but it is necessary to consider Crull's first amended complaint with the original complaint in order to address the motions. Liberally construed, Crull's complaints allege a deprivation of personal property without due process of law and a denial of equal protection. Crull complains that the Police Department and Penshorn seized his personal property when Penshorn seized a flat bed trailer that was being transported by Crull. Accordingly to Crull, the trailer was loaded with property that was the subject of a property dispute between Douglas Williams and James Swinney. Crull maintains that the seized property included his personal property. Crull contends that he has been denied equal protection of the laws because he complained to the Police Department on numerous occasions that Williams threatened him and Penshorn and Scott refused to complete reports documenting Williams's threats.

## IV. Penshorn and Scott's Motion to Dismiss

Penshorn and Scott maintain that they are protected from suit by qualified immunity and

---

[2] *See* docket entry # 4.

[3] *See* docket entry # 16.

ask for dismissal of Crull's due process claim.  In considering this argument, the District Court must accept Crull's factual allegations as true.[4]  The District Court may not dismiss Crull's allegations unless it appears beyond doubt that Crull can prove no set of facts in support of his claim which would entitle him to relief.[5]  Dismissal is proper if Crull's complaint lacks an allegation regarding a required element needed to obtain relief.[6]  Conclusory allegations, however, will not suffice to prevent dismissal.[7]  In considering the claims of qualified immunity, the District Court must first ask whether Crull alleged the violation of a clearly established constitutional right, and then ask whether the officer's conduct was objectively reasonable.[8]

The Fifth Amendment of the United States Constitution prohibits the government from depriving a person of his property without due process of law.  Viewing Crull's allegations as true, Crull has alleged the violation of a clearly established constitutional right because he alleged that Penshorn unlawfully seized his personal property without a search warrant and without due process of law.  Crull, however, has not alleged conduct that is objectively unreasonable because he alleged that Penshorn seized the trailer based on a report that the

---

[4] *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[5] *See Blackburn*, 42 F.3d at 931.

[6] *Id*. at 931.

[7] *Id*.

[8] *See Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996) ("First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right.  If the plaintiff fails this step, the defendant is entitled to qualified immunity.  If she is successful, the issue becomes the objective legal reasonableness of the defendant's conduct under the circumstances.") (internal citation omitted).

property loaded on the trailer was stolen.[9]  Crull also indicated that Penshorn pursued a disposition hearing in state justice court to determine ownership of the property.  A police officer's conduct is objectively reasonable if he seizes property he believes is stolen.  In Texas, the Code of Criminal Procedure specifically provides procedures to determine the ownership of stolen property.[10]  Crull's factual allegations indicate that Penshorn acted pursuant to those procedures.  Crull's assertion that he will demonstrate that Penshorn did not act in good faith is a conclusory allegation that does not overcome his factual allegations.  Crull's claim of the deprivation of property without due process of law against Penshorn should be dismissed on the ground that Penshorn is entitled to qualified immunity.

Penshorn and Scott also ask for the dismissal of Crull's equal protection claim, maintaining that Crull cannot establish the violation of a clearly established constitutional right.  Penshorn and Scott rely on *Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995), to support their argument.[11]  *Campbell*, however, has no relevance to this case because the opinion concerned a police officer's mistaken identification of the plaintiff as a suspect who sold him crack cocaine—the case did not involve an officer's refusal to file a police report.

Nevertheless, there is no basis for an equal protection claim.  The essence of an equal protection claim is an allegation that the plaintiff was treated differently than similarly situated

---

[9]*See* Crull's amended complaint, docket entry # 16, §§ VI-VX (discussing the chain of events that led to the seizure of the flatbed trailer); Crull's Objection to Penshorn & Scott's motion to dismiss, docket entry # 18, §§ I-IX (describing events leading to the seizure) .

[10]*See* TEX. CODE CRIM. PROC. §§ 47.01-47.12 (Vernon 1979 & Supp. 2006).

[11]*See* docket entry # 14, § III.

persons.[12]  Crull has not alleged that he was treated differently than similarly situated persons. Thus, Crull has alleged no facts to raise a claim of the denial of equal protection.  In the absence of such allegations, Penshorn and Scott are entitled to dismissal of Crull's equal protection claim.

### V. The Police Department's Motion to Dismiss

In its motion, the Police Department asks for dismissal of Crull's claims against it because the department lacks the authority to be sued.  The department maintains that it cannot be sued because it is not a separate governmental entity, but instead is an instrumentality of the City.

> The capacity of an entity, such as a police department, to sue or to be sued is "determined by the law of the state in which the district court is held."  In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence.  Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued.[13]

The City is a home rule municipality.[14]  "Under Texas law, as a home rule municipality, the City . . . is authorized to organize its own police force.  [The City] is also authorized to designate whether its police department will have jural authority."[15]  The City's charter reserves all the

---

[12] *See Stoneburner v. Sec'y of the Army*, 152 F.3d 485, 491 (5th Cir. 1998) (explaining how a plaintiff proves an equal protection claim).

[13] *Paredes v. City of Odessa*, 128 F. Supp.2d 1009, 1013 (W.D. Tex. 2000) (internal citations omitted).

[14] *See* Preamble, City of New Braunfels Charter, *available at* http://www.municode.com/Resources/gateway.asp?pid=11333&sid=43.

[15] *Paredes*, 128 F. Supp.2d at 1013 (internal citations omitted).

general powers of a city to the City itself.[16]  The charter does not grant the Police Department the power to sue or be sued.  As such, the City has not taken steps to grant the Police Department with jural authority.  Thus, the Police Department lacks the capacity to sue or to be sued.  Because it lacks the capacity to be sued, the Police Department is entitled to dismissal of Crull's claims.

## VI. Recommendation

Crull's pleadings allege facts that, if true, would entitle Penshorn to qualified immunity in defense of Crull's due process claim for the deprivation of property.  Crull's pleadings allege that Penshorn seized the flat bed trailer based on a report that the property on the trailer was stolen and that he sought a judicial proceeding to determine ownership of the property.  Because qualified immunity protects Penshorn from suit, I recommend DISMISSAL of the due process claim against Penshorn.  In addition, Crull has alleged no facts that raise an equal protection claim—in particular, no facts showing that he was treated differently than similarly situated persons.  As a result, I recommend DISMISSAL of Crull's equal protection claim against Penshorn and Scott.  I recommend GRANTING the motion to dismiss filed by Penshorn and Scott (docket entry # 14).

Because the Police Department lacks the capacity to be sued, I recommend GRANTING the department's motion to dismiss (docket entry # 15) and DISMISSING Crull's claims against the department.  If the District Court accepts these recommendations, the only remaining claim

---

[16]*See* City of New Braunfels Charter, art. II, § 2.01 ("The City shall have all powers possible for a home rule city to have under the constitution and laws of the State of Texas as fully and completely as though they were specifically enumerated in this charter."), *available at* http://www.municode.com/Resources/gateway.asp?pid=11333&sid=43.

will be Crull's claim that the City deprived him of his personal property without due process of law.

### VII.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[17] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[18]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

---

[17] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[18] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

factual findings and legal conclusions accepted by the District Court.[19]

**SIGNED** on February 27, 2007.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[19]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).