UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY DEAN CRULL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0772 OG (NN) |
| CITY OF NEW BRAUNFELS, | § | |
| NEW BRAUNFELS POLICE | § | |
| DEPARTMENT, | § | |
| Officer MICHAEL O. PENSHORN, and | § | |
| Officer CHRISTOPHER SCOTT, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. Orlando Garcia
       United States District Judge

I.  Introduction

This memorandum and recommendation addresses the remaining claim in this case—plaintiff Larry Crull's claim that the City of New Braunfels (the City) deprived him of his personal property without due process of law.  The City has moved for summary judgment on this claim.  I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[1]  After considering the City's motion and the pleadings in this case, I recommend granting the motion and entering summary judgment in favor of the City.

---

[1] *See* docket entry # 8.

## II.  Relevant Procedural Background

Previously, the District Court accepted my earlier recommendation and dismissed all claims in this case except for Crull's claim that the City deprived him of his personal property without due process of law.[2]  Discovery closed in this case on April 2, 2007.[3]  The City filed a timely motion for summary judgment.[4]  Crull responded to that motion on May 1, 2007.[5]

## III.  Plaintiff's Allegations

Crull complains that the City Police Department and police officer Michael Penshorn seized his personal property when Penshorn directed the seizure of a flat bed trailer.  According to Crull, the trailer was loaded with property that was the subject of a property dispute between Douglas Williams and James Swiney.  Crull maintains that the seized property included his personal property.  Crull contends that his property was omitted from the inventory of seized property and that he was excluded from the judicial proceeding that ultimately resolved the ownership of the property.  He complains that despite his efforts, his property has not been returned.  Crull has not identified any specific acts by the City that caused the alleged deprivation of property.

## IV.  The City's Motion for Summary Judgment

The due process clause of the Fourteenth Amendment protects citizens from acts of

---

[2]*See* docket entry # 34.

[3]*See* docket entry # 20, ¶ 6.

[4]*See* docket entry # 35 (motion for summary judgment) & # 20, ¶ 8 (setting the deadline for filing dispositive motions).

[5]*See* docket entry # 40.

government that "deprive any person of . . . property, without due process of law. . . ."[6] Although Crull has never identified his legal theory for the City's liability, section 1983 permits a plaintiff to sue a governmental entity for the violation of a right specifically identified in the Bill of Rights or protected under the substantive component of the due process clause of the Fourteenth Amendment.[7] The City asks for summary judgment on Crull's section 1983 claim on grounds that no evidence exists that the alleged deprivation was caused by an official City policy.

> A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy.
>
> Official policy is:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.[8]

To show that Crull cannot present evidence of an official policy that caused the alleged deprivation, the City presented police department reports documenting the complained-about

---

[6] U.S. CONST. amend. XIV, § 1.

[7] *See* 42 U.S.C. § 1983.

[8] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

3

seizure.[9] Those reports establish the following course of events. Penshorn acted on a report from Williams that his property was being removed from a warehouse that he shared with Swiney. Williams complained that Swiney and Crull were selling his property. Williams reported that his property was loaded on a flatbed trailer and that the trailer was parked in Wal-Mart's parking lot. Crull parked the trailer at Wal-mart. Penshorn directed City police officers to seize the flatbed trailer and to take the trailer to the police department for inventory. Penshorn then pursued a disposition hearing in state justice court to determine ownership of the property. The state justice court conducted a hearing and issued an order resolving the ownership of the seized property.

This evidence does not show that the police officers acted pursuant to an official City policy. The police reports contain no evidence of a City policy statement, ordinance, regulation, or decision that the City has officially adopted and promulgated by the City's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. The police reports also do not reflect a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents City municipal policy. Because the City's summary-judgment evidence does reflect an official City policy, it does not show that the alleged deprivation was caused by a City policy. Consequently, the City is entitled to summary judgment unless Crull presents evidence that raises a genuine issue of material fact about whether a City policy caused the alleged deprivation.[10]

---

[9]*See* docket entry # 35, exh. A.

[10]*See* FED. R. CIV. P. 56 (The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

Crull responded to the City's motion and presented several documents: (1) a motion by police officer Melissa Wein asking for a property disposition hearing under chapter 47 of the Texas Code of Criminal Procedure and identifying Williams and Swiney as potentially interested persons, (2) an inventory of property for disposition under chapter 47, and (3) copies of photographs of what appear to be the alleged deprived property.[11] Nothing in this evidence, however, suggests that the police officers involved in this dispute acted pursuant to an official policy permitting the seizure of property without due process. Instead, the City's summary judgment evidence, as well as documents that Crull has previously submitted, indicate that the police officers acted pursuant to state procedures that provide due process to resolve a question about property ownership.[12] Thus, Crull has failed to raise a genuine issue of material fact about whether his alleged deprivation was caused by an official City policy.

### V. Recommendation

Because Crull failed to raise a fact question about whether his alleged deprivation was caused by an official city policy, I recommend GRANTING the City's motion for summary judgment (docket entry # 35). If the District Court accepts this recommendation, the only issue to be resolved in this case will be the District Court's disposition of Crull's motion for reconsideration of the District Court's order adopting my earlier recommendation.[13] If the

---

party is entitled to a judgment as a matter of law.").

[11] *See* docket entry # 40.

[12] *See, e.g.,* docket entry # 23, exh. 6 (order by the justice court containing findings about the ownership of seized property).

[13] *See* docket entry # 38.

District Court determines that its previous order was proper, the District Court should enter SUMMARY JUDGMENT in favor of the City.

### VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[14]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[15]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

---

[14] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[15] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

**SIGNED** on May 3, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE